IN THE SUPREME COURT OF THE STATE OF DELAWARE

DAWN LEROY,[1]        §
          § No. 36, 2025
    Respondent Below,       §
    Appellant,            § Court Below–Family Court
           § of the State of Delaware
    v.                §
           § File Nos. 24-04-06TN
DEPARTMENT OF SERVICES    §          24-04-07TN
FOR CHILDREN, YOUTH AND   §
THEIR FAMILIES/DIVISION OF   § Petition Nos. 24-08454
FAMILY SERVICES,       §           24-08458
           §
    Petitioner Below,        §
    Appellee.

Submitted: May 30, 2025
Decided: June 6, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26.1(c), the responses, and the Family Court record, it appears to the Court that:

(1) The appellant, Dawn Leroy ("Mother"), is the mother of three daughters, born in March 2017, July 2020, and October 2021 (the "Children"). On February 28, 2023, the Delaware Department of Services for Children, Youth and

---

[1] The Court previously assigned a pseudonym to the appellant under Supreme Court Rule 7(d).

Their Families (DSCYF) petitioned the Family Court for emergency custody of the Children after Mother's paramour's four-year-old biological daughter (the "Daughter") died from unexplained injuries while in the care of Mother and her paramour. Between March 2023 and September 2024, the Family Court held the mandated hearings.[2] In April 2024, DSCYF moved to terminate Mother's parental rights on two grounds: (i) Mother had failed to plan for the Children's physical needs or mental and emotional health and development, and (ii) Mother's intentional or reckless conduct or willful neglect caused the Daughter's unexplained death.

(2)    Following a two-day evidentiary hearing in December 2024,[3] the Family Court issued a written decision terminating Mother's parental rights in the Children.[4] The Family Court found that DSCYF had proved, by clear and convincing evidence, that the termination of Mother's parental rights was appropriate based on her failure to plan adequately for the Children's physical needs or mental and emotional health and development[5] and that the Children had been in DSCYF's custody for more than one year.[6] The Family Court also found that

---

[2] When a child is removed from his home by DSCYF and placed in foster care, the Family Court is required to hold hearings at regular intervals under procedures and criteria detailed by statute and the court's rules. 13 *Del. C.* § 2514; Del. Fam. Ct. Civ. Proc. R. 212-219.

[3] The termination-of-parental-rights hearing was rescheduled twice at the request of the biological father of one of the Children.

[4] The Family Court also terminated the parental rights of the Children's fathers. Neither father is a party to this appeal.

[5] 13 *Del. C.* § 1103(a)(5).

[6] *Id.* § 1103(a)(5)(a).

DSCYF had proved, by clear and convincing evidence, that the termination of Mother's parental rights was appropriate because of the Daughter's unexplained death.[7] Finally, the Family Court examined the best-interests factors set out in 13 *Del. C.* § 722 and found, by clear and convincing evidence, that the termination of Mother's parental rights was in the Children's best interest. Mother appeals.

(3) On appeal, Mother's counsel has filed an opening brief and a motion to withdraw under Rule 26.1(c). Counsel asserts that he has conducted a conscientious review of the record and the relevant law and has determined that Mother's appeal is wholly without merit. Counsel informed Mother of the provisions of Rule 26.1(c), provided her with a copy of counsel's motion to withdraw and the accompanying brief, and advised her that she could submit in writing any additional points that she wished for the Court to consider. Mother has not provided any points for the Court's consideration. DSCYF as the appellee and the Children's attorney from the Office of the Child Advocate have responded to the Rule 26.1(c) brief and argue that the Family Court's judgment should be affirmed.

(4) Having carefully reviewed the parties' positions and the record on appeal, we find that the Family Court's factual findings are supported by the record, and we can discern no error in the court's application of the law to the facts. We therefore conclude that Mother's appeal is wholly without merit and devoid of any

---

[7] *Id.* § 1103(a)(9).

arguably appealable issues.  We are satisfied that Mother's counsel made a conscientious effort to examine the record and the law and properly determined that Mother could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.  Counsel's motion to withdraw is moot.

BY THE COURT:


/s/ Collins J. Seitz, Jr.
Chief Justice